Loren S. Leibl, Esq., State Bar No. 110851
Michael Miretsky, Esq., State Bar No. 180734
Peter J. Horton, Esq., State Bar No. 227678
LEIBL, MIRETSKY & MOSELY, LLP
5014 Chesebro Road
Agoura Hills, California 91301
(818) 380-0123
(818) 380-0124 (Fax)

Attorneys for Defendant, WALGREEN CO.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANORA WELLS, and individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>WALGREEN CO.; and DOES 1 to 50,<br><br>    Defendants. | No.:<br><br>**NOTICE OF REMOVAL**<br>**[28 U.S.C. §§1332, 1441 & 1446]**<br><br>**[DIVERSITY JURISDICTION]** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that, pursuant to 28 *U.S.C.* §1332, 1441 and 1446, defendant, Walgreen Co. ("Defendant") hereby removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to this Court. The grounds for removal are as follows:

## STATE COURT ACTION

1.   On May 3, 2022, Plaintiff Lanora Wells ("Plaintiff") filed a civil action in the Superior Court of the State of California for the County of Los Angeles entitled *Lanora Wells v. Walgreen Co.; and Does 1 to 50*, Case No. 22STCV14591 (the "State Court Action").

2. Plaintiff served Defendant with a copy of the Complaint and Summons from the state court on or about May 16, 2022. Plaintiff's Complaint was silent as to the amount in controversy in Plaintiff's action. A true and correct copy of the Summons and Complaint is attached hereto as "Exhibit A".

3. Defendant is the only Defendant that has been served with the Summons and Complaint in this action.

4. Defendant filed an Answer in state court on June 8, 2022. A true and correct copy of the Answer is attached hereto as "Exhibit B".

5. Defendant served Plaintiff with written discovery in the state action, seeking, among other items, the amount of special damages claimed. Plaintiff served responses to Defendant's Form Interrogatories, Set One and First Set of Special Interrogatories on July 15, 2022. This was the first pleading filed and served by Plaintiff indicating the amount in controversy.

6. Plaintiff indicated in her responses to Form Interrogatory No. 6.4 and Special Interrogatory No. 17 that she has incurred past medical bills of $103,129.27. True and correct copies of Plaintiff's discovery responses to Defendant's Form Interrogatories, Set One and First Set of Special Interrogatories are attached hereto as "Exhibit C".

7. Plaintiff is a citizen of California. She is domiciled in California.

8. Defendant is a corporate citizen of Illinois, with its principal place of business located in Deerfield, Illinois.

9. The grounds for removal are apparent based upon information contained within the Complaint (diversity of citizenship) and Plaintiff's discovery responses (amount in controversy).

10. This Notice of Removal is being filed within 30 days of July 15, 2022, the date on which Defendant was served with Plaintiff's responses to Defendant's Form Interrogatories, Set One and First Set of Special Interrogatories; and when Defendant learned that the case is removable because there is diversity of citizenship

between the parties and the amount in controversy is sufficient to provide a basis for removal pursuant to 28 *U.S.C.* §1446(b)(3).

11. Defendant will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal, addressed to Plaintiff and to the Clerk of the Superior Court of the State of California for the County of Los Angeles, in the State Court Action, as required by 28 *U.S.C.* §1446(d).

## DIVERSITY OF CITIZENSHIP

12. Plaintiff's Complaint alleges that she resides in the County of Los Angeles, CA. On information and belief, based upon Plaintiff's California driver's license information, Plaintiff's response to Defendant's Form Interrogatories and medical records, Defendant believes Plaintiff to be domiciled in County of Los Angeles with no intention to leave the State of California. She is therefore a citizen of the State of California for purposes of diversity jurisdiction.

13. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business..." 28 *U.S.C.* §1332(c)(1). A corporation's "principal place of business" is its "nerve center," or the "place where a corporation's board and high-level officers direct, control and coordinate activities." *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F.Supp.2d 932, 940 (C.D.Cal.2011), quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

14. Defendant is an Illinois corporation, with its principal place of business in Illinois. At all relevant times, Defendant directed, controlled, and coordinated the company's activities from its headquarters in Illinois. A true and correct copy of Defendant's Statement of Information is attached hereto as Exhibit D.

15. While Plaintiff purports to sue various Defendants under the fictitious names "Does 1 to 50" (Exhibit A; Page 4, ¶6), "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of removal. 28 *U.S.C.* §1441.

16. At the time this action was commenced and at the present time, there was and is complete diversity of citizenship because Plaintiff and Defendant are citizens of different states.

## AMOUNT IN CONTROVERSY

17. Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 *U.S.C.* §1332(a).

18. Plaintiff's responses to Defendant's Form Interrogatory 6.4 and Special Interrogatory 17 identify past medical expenses of $103,129.27 ("Exhibit C").

19. Defendant disputes that Plaintiff is entitled to damages in any amount and, by removing, does not concede that the amount in controversy is recoverable. Still, because Plaintiff's responses to Defendant's Form Interrogatory No. 6.4 and Special Interrogatory No. 17 identify damages of $103,129.27, the claim satisfies the jurisdictional limit for removal.

## DIVERSITY JURISDICTION

20. Pursuant to 28 *U.S.C.* §1332(a), this Court has jurisdiction over the State Court Action, and it may be removed to this Court pursuant to 28 *U.S.C.* §§1441 and 1446, because it is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

21. The United States District Court for the Central District of California is the federal judicial district embracing the Superior Court of the State of California for the County of Los Angeles, where the State Court Action is now pending. Thus, the venue is proper in this court under 28 *U.S.C.* §1441(a).

///
///
///
///
///

WHEREFORE, Defendant respectfully requests that the action be removed, in its entirety, from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, for further proceedings as though it had originally been instituted herein.  Defendant further requests and prays that this Court retain jurisdiction over this action to the exclusion of any other proceedings in the State Court.

DATED:  August 12, 2022                              LEIBL, MIRETSKY & MOSELY, LLP

By: *Michael Miretsky*
Loren S. Leibl, Esq.
Michael Miretsky, Esq.
Peter J. Horton, Esq.
Attorneys for Defendant,
WALGREEN CO.

## DECLARATION OF MICHAEL MIRETSKY, ESQ.

I, Michael Miretsky, Esq., declare and state as follows:

1. I have personal knowledge of the following facts and, if sworn as a witness, could and would competently testify thereto, under oath.

2. I am a member of the law firm of Leibl, Miretsky & Mosely, LLP, attorneys for Defendant, WALGREEN CO. I have substantial responsibility for the file in this case and have thoroughly reviewed its contents.

3. On May 16, 2022, Plaintiff served Defendant with a copy of the Summons and Complaint for the State Court Action. Attached as "Exhibit A" to Defendant Walgreen Co.'s Notice of Removal is a true and correct copy of the Summons and Complaint.

4. Attached as "Exhibit B" to Defendant Walgreen Co.'s Notice of Removal is a true and correct copy of Defendant's Answer to the Complaint, filed June 8, 2022.

5. Attached as "Exhibit C" to Defendant Walgreen Co.'s Notice of Removal are true and correct copies of Plaintiff's responses to Defendant's Form Interrogatories, Set 1 and Special Interrogatories, Set 1.

6. Plaintiff's discovery responses indicate that she was born in California in 1967 and has lived in Redondo Beach, CA for the last five years. Plaintiff's discovery responses also indicate that she is seeking $103,129.27 in past medical expenses in addition to general damages.

7. Attached as "Exhibit D" to Defendant Walgreen Co.'s Notice of Removal is a true and correct copy of Defendant's Statement of Information.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 12th day of August 2022, in Agoura Hills, California.

*Michael Miretsky*
Michael Miretsky, Esq., Declarant